# Obligation of the Office of the Vice President to Pay State or City Accommodations Taxes

The Office of the Vice Presidency is immune from state taxation by virtue of the Supremacy Clause of the Constitution, and is thus not required to pay a state or city accommodations tax on hotel bills for which it is billed directly.

November 19, 1981

## MEMORANDUM OPINION FOR THE DEPUTY COUNSEL TO THE VICE PRESIDENT

This responds to your request for our opinion whether the Office of the Vice President (OVP) is required to pay accommodations taxes imposed pursuant to state law or city ordinance. The situation which has occasioned your inquiry is that in which OVP reserves a block of rooms for an official trip, is billed by and pays directly to the hotel. The hotel has sought to collect as well a state or city accommodations tax imposed on all hotel bills.[1] Under familiar principles of constitutional law, neither states nor cities may tax an instrumentality of the federal government. Thus OVP is, in the circumstances you describe, not required to pay the tax.

Since the early days of the Republic, the Supreme Court "has adhered to the rule that States may not impose taxes . . . the legal incidence of which falls on the Federal Government." *United States* v. *County of Fresno,* 429 U.S. 452, 459 (1977) citing *M'Culloch* v. *Maryland,* 17 U.S. (4 Wheat.) 316 (1819). *See, e.g., United States* v. *Mississippi Tax Comm'n,* 421 U.S. 599 (1975); *First Agricultural Nat. Bank* v. *Tax Comm'n,* 392 U.S. 339 (1968); *Kern-Limerick, Inc.* v. *Scurlock,* 347 U.S. 110 (1954). The federal government's immunity from state taxation is "inherent in the Supremacy Clause of the United States Constitution," and no levy may thus be imposed upon any of its activities without its consent. *United States* v. *County of Fresno, supra,* 429 U.S. at 453.

To be sure, the Court has also recognized the propriety of state taxes in certain situations where the economic incidence of the tax may be

---

[1] You have enclosed as an example of such a tax the Illinois Hotel Operators' Occupation Tax Act, which by its terms applies to all persons renting rooms "even if the person paying for the room may be a government agency or instrumentality (Federal, State or Local, or even a foreign government)." It is not significant for the constitutional issue that this tax is expressly imposed on instrumentalities of the federal government.

said to fall on the federal government. For example, in *United States* v. *County of Fresno, supra,* the Court ruled that a state may tax federal employees on their possessory interests in housing owned and supplied to them by the federal government as part of their compensation. In doing so, it noted that "[s]o long as the tax is not directly laid upon the Federal Government, it is valid if nondiscriminatory . . . or until Congress declares otherwise." 429 U.S. at 460. *See also Graves* v. *New York ex rel. O'Keefe,* 306 U.S. 466 (1939) (states may tax federal employee's wages); *James* v. *Dravo Contracting Co.,* 302 U.S. 134 (1937) (state may tax gross receipts of federal contractor); *City of Detroit* v. *Murray Corp.,* 355 U.S. 489 (1958) (state may tax private contractor's use of government-owned property). These cases make clear, however, that a state or city tax is proper only if "[t]he 'legal incidence' of the tax . . . falls neither on the Federal Government nor on federal property," and only if it does not "threaten[ ] to obstruct or burden a federal function." 429 U.S. at 464.

Because the state and city accommodations taxes described in your letter would fall directly on an agency of the federal government and "burden a federal function," OVP has no obligation to pay them.[2]

THEODORE B. OLSON
*Assistant Attorney General*
*Office of Legal Counsel*

---

[2] We note that the federal procurement regulations expressly state that "purchases made by the Government itself are exempt from State and local sales and use taxes. . . ." 41 C.F.R. § 1-11.302 (1980). Government agencies are directed to make use of this exempt status "to the fullest extent available. . ." *Id.* It is true that under current administrative practice federal employees who secure and pay for hotel rooms while traveling on government business may be taxed, on the theory that the government is not a party to the transaction, even though the government is obligated to reimburse the employee for all of his expenses *See, e.g.,* 55 Comp. Gen. 1278 (1976). We do not doubt that this practice could be changed to require that federal employees be exempted from state or local taxes in such situations.